IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00097-PAB-KLM

TIMOTHY MCGETTIGAN,

      Plaintiff,

v.

LESLEY DI MARE, individually and in her official capacity as President of Colorado State
University Pueblo, and
THE BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY SYSTEM, by
and on behalf of Colorado State University,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Defendant's Motion to Stay** [#22][1] (the

"Motion").[2]  Plaintiff filed a Response [#27] in opposition to the Motion and Defendant filed

_____

    [1]  "[#22]" is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the Court's case management and electronic case filing system
(CM/ECF).  This convention is used throughout this Order.

    [2]  The Motion was filed on behalf of Defendant Lesley Di Mare only.  In the Motion, this
Defendant explains that

> [t]he parties concur that there are no claims remaining against the Board of
> Governors of the Colorado State University System, by and on behalf of Colorado
> State University-Pueblo or President Di Mare in her official capacity.  The parties,
> therefore, will jointly request at the Scheduling Conference that the Court amend the
> caption to reflect President Di Mare in her individual capacity as the sole defendant.

*Motion* [#22] at 1 n.1.  The Minutes from the Scheduling Conference do not reflect an oral motion
to this effect and nothing else on the docket modifies the caption.  However, Plaintiff's filings,
including the Response, reflect a caption that includes only Defendant Di Mare and Plaintiff does
not dispute Defendant Di Mare's above assertion in the Response.  As a result, the Court
addresses the Motion assuming that the parties agree that the other Defendants should be

1

a Reply [#29] in further support of the Motion.  Defendant asks the Court to stay discovery in this case until after the pending Motion to Dismiss [#16] is resolved.  Plaintiff asserts First Amendment, Fourteenth Amendment, and defamation claims against Defendant in her official and individual capacities.  *See Complaint* [#1]  ¶¶ 49-52, 55.  However, in his request for relief, he appears to seek only damages against Defendant for claims asserted against her in her individual capacity.  *Id.* at 15-16.  This further supports Defendant's explanation that Plaintiff does not intend to pursue official capacity claims against Defendant.  In the Motion to Dismiss, Defendant asserts a qualified immunity defense to Plaintiff's First Amendment claim[3] asserted against her in her individual capacity.  *See Motion to Dismiss* [#16] at 4-9.

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.  *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531,

_____

dismissed and that Plaintiff only asserts claims against this Defendant in her individual capacity. As a result, the Court refers to Defendant Di Mare as "Defendant" throughout this Order.  However, the Court notes that the parties must file a stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) or a motion asking the Court to take action with regard to the agreed changes to Plaintiff's claims and the caption.

[3]  In the Scheduling Order governing this case, Plaintiff states that he brings a First Amendment claim and a defamation claim.  *Sched. Order* [#25] § 3(a).  In addition, the Scheduling Order states that the Motion to Dismiss "raises pure questions of law, which would be fully dispositive of the claim in this case."  *Id.* § 8(d).  As a result, it appears that while the Complaint purports to bring a Fourteenth Amendment claim against Defendant, Plaintiff may not be pursuing that claim.  However, neither party addresses this discrepancy and resolution of this discrepancy is not necessary to ruling on the instant Motion.

1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted).   The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).  However, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).

When exercising its discretion regarding whether to impose a stay of discovery, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Plaintiff argues that an assertion of qualified immunity does not require that all discovery be stayed and that the discovery sought in this case will not be "broad-reaching." *Response* [#27] at 2-3.  Plaintiff further argues that he will be prejudiced by a delay of the proceedings because there could be a decrease in evidentiary and witness quality.  *Id.* at 3.  However, Plaintiff offers no argument regarding any specific prejudice he will suffer or

3

explanation of why the evidence or witnesses in this particular case would be effected by a stay, other than to argue that "[t]here is further prejudice in the continuing risk of evidence loss as the memories of witnesses fade." *Id.* at 4. Plaintiff maintains that it would be more convenient for the Court if the case was to proceed without a stay and that non-parties have an interest in the case proceeding "especially in terms of deposing third-party witnesses whose memories or recollections of the events at issue will inevitably fade with time." *Id.* at 5. Finally, Plaintiff argues that the public has an interest in this case proceeding without a stay because Plaintiff's "claims of financial irregularities or improprieties at CSU-Pueblo which led to the unnecessary layoffs are a matter of public concern." *Id.*

In response to Plaintiff's argument that witnesses' memories may fade over time, Defendant notes that "an administrative hearing was held before a university grievance panel in November, 2014, and the testimony of key witnesses was memorialized by a court reporter." *Reply* [#29] at 5. In support of the requested relief, Defendant argues that Plaintiff will not be prejudice by a stay of discovery for two reasons. *Motion* [#22] at 7. First, Plaintiff will be out of the country through August and, therefore, will not be available for discovery for several months. *Id.* Second, "[t]here is no ongoing harm" because "Plaintiff's damages have been fully mitigated . . . ." *Id.* Defendant maintains that she would bear an undue burden if discovery proceeds because, to the extent she properly asserts a qualified immunity defense, she would be required to respond to up to 75 written discovery requests and attend or defend at least nine fact witness depositions. *Id.* at 7. This is because qualified immunity protects the person from suit, not just from liability. *Reply* [#29] at 2. Defendant avers that "[a] stay would preserve judicial economy by

4

permitting the Court to forgo devoting resources to a case that may be dismissed." *Motion* [#22] at 7.  With regard to non-parties, Defendant maintains that no non-parties have an interest in the litigation and that, as a result, the fourth factor is neutral.  *Id.*  Finally, Defendant argues that the fifth factor weighs in favor of a stay because "a stay would advance the purposes behind providing qualified immunity to public officials . . . ."  *Id.* at 7-8.  Defendant maintains that Plaintiff's claims are not a matter of public concern, but rather relate to "discrete employment actions taken with regards to a single university employee." *Reply* [#29] at 6.

With regard to Plaintiff's travel plans, Plaintiff argues that while he will be out of the country and unavailable for a deposition through August, "written discovery can certainly be conducted during that time."  *Response* [#27] at 4.

Turning to the *String Cheese Incident* factors, the Court first addresses the interest of Plaintiff in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay.  Plaintiff argues that he will be prejudiced if discovery is stayed because witnesses' memories may fade.  *Response* [#27] at 3.  However, this is a generalized concern that applies in every case in which a stay is sought.  Plaintiff does not offer any information to support the conclusion that witness testimony or other evidence in *this case* may be impacted by a stay.  In addition, Defendant notes that some key witnesses' testimony regarding the issues in this case was recorded at a university hearing.  Based on this information, the Court finds that, at best, the first *String Cheese Incident* factor weighs neither in favor nor against a stay.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden.  The defense of

qualified immunity is available to: (1) individual governmental officials, but not governmental entities; (2) regarding claims for monetary damages, but not claims for injunctive or declaratory relief; and (3) regarding claims against individual governmental officials in their individual capacities, not their official capacities. *Rome*, 225 F.R.D. at 643 (citations omitted). Here, the First Amendment claim made in this case is subject to the qualified immunity defense because: Defendant is a government official, Plaintiff seeks monetary damages, and the damages sought are based on the claims asserted against Defendant in her individual capacity only. *See generally Complaint* [#1]. Based on these considerations and strong Supreme Court and Tenth Circuit precedent regarding assertions of qualified immunity and discovery, the Court finds that the second *String Cheese Incident* factor weighs heavily in favor of staying discovery.

With regard to the third factor, Plaintiff suggests that a stay would be inefficient for the Court. *Response* [#27] at 5. However, when discovery is stayed, scheduling and discovery issues will not be raised and will not take time from the Court that could be used to address other cases. Thus, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, while Plaintiff argues that witnesses' recollections may fade and that this weighs against a stay, the Court finds that there are no nonparties

6

with significant particularized interests in this case. Without any information offered in this case regarding a particular witness who has a special circumstance, the Court will not find that the mere possibility that any witnesses' memory may be less fresh because of a stay of discovery dictates against a stay. To so find would render this factor meaningless because the party opposing a stay in any case could offer the same generalized argument. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, Plaintiff asserts that the public has an interest in this case that would be served by proceeding with discovery because, as he alleges, "a public state university saw fit to retaliate against a professor who spoke out against his budgetary and termination decisions [which] is a matter of public concern." *Response* [#27] at 5. Defendant argues that this case is "about discrete employment actions taken with regards to a single university employee" and that "a stay [ ] furthers the public policy behind the qualified immunity doctrine." *Reply* [#29] at 5-6. The Court agrees with Defendant that there is a strong public policy behind the qualified immunity doctrine. Among other things, this includes avoiding unnecessary expenditures of public and private resources on litigation. The public also has an interest in conserving judicial resources by addressing dispositive issues early in the litigation. Overall, the public's interest in the efficient and just handling of legal disputes favors imposition of a stay in these circumstances. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendant's Motion to Dismiss [#16] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#22] is **GRANTED**. All discovery

is **STAYED** pending resolution of Defendant's Motion to Dismiss [#16].

Dated:  June 11, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge